**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Channel Methods Partners, LLC, <br> a New Jersey limited liability company <br><br> Plaintiff, <br> v. <br><br> Pharmatec, Inc., <br> a Colorado corporation <br><br> Defendant. | Civil Action No. _____ <br><br> **NOTICE OF REMOVAL** |

1. Defendant Pharmatech, Inc. ("Pharmatech" or "Defendant") in the above-titled action, hereby removes this matter from the Superior Court of New Jersey, Monmouth County Law Division, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446.[1] Defendant respectfully asserts the following facts to support removal and, in so doing, expressly reserves all other questions related to the merits of Plaintiffs' claim for further pleadings.

### I. BACKGROUND

2. On or about July 22, 2014, Plaintiff Channel Method Partners, LLC ("Plaintiff") filed a civil action ("Complaint") against Pharmatech, captioned *Channel Method Partners, LLC v. Pharmatech, Inc.*, Case No. MON-L-2857-14, in the Superior Court of New Jersey, Monmouth County Law Division (the "Superior Court of New Jersey"). Pharmatech was faxed

---

[1] Nothing herein is intended to waive any of Defendant's claims, rights, arguments and/or defenses, and Defendant expressly reserves all claims, rights arguments and defenses to each of the claims filed in Case No. Mon-L-2857-14, in the Superior Court of New Jersey.

{JK00239706.1 }

a copy of the summons and the Complaint on July 28, 2014, and was served on or around July 31, 2014.

    3.    In the Complaint, Plaintiff asserts the following claims:

- Count One – Breach of Contract;
- Count Two – "Bad Faith Dealings";
- Count Three – "Tortuous Interference of Contract with Employees";
- Count Four – "Tortuous Interference of Prospective Economic Advantage";
- Count Five – Unjust Enrichment; and
- Count Six – Account Stated.

    4.    Counts one through six all seek compensatory damages, costs of litigation (including expert fees), and such other relief as is just and fair. Counts two through four additionally seek punitive damages and attorney fees.

## II.    COMPLIANCE WITH THE REMOVAL STATUTE

    5.    This Notice of Removal is properly filed in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because the Superior Court of New Jersey is located in this federal judicial district. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

    6.    This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

    7.    Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice of Removal will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d).

8. Pursuant to 28 U.S.C. § 1446(a) and D.N.J. L.Civ.R. 5(1)(e), Defendant is filing concurrently herewith, in PDF format, each of the following documents:

    a. Summons, Complaint, Civil Case Information Statement in Channel Methods Partners, LLC v. Pharmatec, Inc., Superior Court of New Jersey, Monmouth County Law Division, Case No. MON-L-2857-14 (**Exhibit A**);

    b. Civil Cover Sheet **(Exhibit B);** and

    c. Declaration of Robert Bohacs **(Exhibit C)**

There are no additional pleadings, process, orders, or other documents that have been served on Pharmatech in the Superior Court of New Jersey case.

### III.    GROUNDS FOR REMOVAL

9. This action is removable to this Court pursuant to 28 U.S.C. § 1441 and §1446 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendant. Moreover, the amount in controversy exceeds $75,000.

10. The parties are citizens of separate states. Plaintiff is, and at all relevant times has been, a New Jersey limited liability company and resident of New Jersey, with its principal place of business in New Jersey. *See* Complaint at ¶ 1. At all relevant times, Plaintiff has been and is a citizen of New Jersey. Defendant is, and at all relevant times has been, a Colorado corporation and a resident of Colorado with its principal place of business in Denver, Colorado. *Id.* at ¶ 2. At all relevant times, Defendant has been and is a citizen of Colorado.

11. The amount in controversy exceeds $75,000.

12. The Complaint does not state the amount of damages sought. However, the contract at issue between Plaintiff and Defendant called for a twelve-month engagement between

Plaintiff and Defendant, with $6,568.00 to be paid monthly by Defendant to Plaintiff, and an additional $3,510.00 to be paid by Defendant to Plaintiff at the outset of the contract term; as such, the contract value totals $82,326.00.  *See* Declaration of Robert Bohacs, attached hereto as **Exhibit C**, at ¶ 3.

13.     Additionally, the Complaint alleges that Defendant tortuously interfered with a purported contract(s) between Plaintiff and its employees.  Complaint at ¶¶ 23-28.  The specific value of that contract(s) or the amount of such claim is not alleged in the Complaint, but whatever the value or damages amount, it purports to be separate and in addition to the value of the contract between Plaintiff and Defendant.

14.     The Complaint also alleges that Defendant "has taken the proprietary business information designed and developed by CMP, [and] all of CMP's business contact information. . . ."  Complaint at ¶ 30.  Plaintiff has not alleged an amount of damages associated with such claim, but whatever the amount, it purports to be separate and in addition to the value of the contract between Plaintiff and Defendant, and the value of the contract(s) between Plaintiff and its employees.

15.     Additionally, Plaintiff seeks punitive damages in three of its claims for relief.  Alleged punitive damages "must" be considered "when calculating the amount in controversy[,]" for purposes of diversity jurisdiction.  *Frederico v. Home Depot*, 507 F.3d 188, 199 (3rd Cir. 2007) (*citing Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004)).

16.     Plaintiff also seeks attorney fees as damages in three of its claims for relief.  Alleged attorney's fees "must" also be considered in determining the amount in controversy.  *Frederico*, 507 F.3d at 199.  Although it is difficult to determine what those fees could total, in

{JK00239706.1 }
-4-

some cases attorney's fees "alone can exceed six figures." *Raspa v. Home* Depot, 533 F.Supp.2d 514, 522 (D.N.J. 2007). In any event, Plaintiff's petition for attorney's fees undoubtedly adds to the amount in controversy here, which—as discussed above—already exceeds $75,000.00.

17. Because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, this action is properly removed under 28 U.S.C. § 1332 and §1441.

## IV. <u>CONCLUSION</u>

Defendant respectfully requests that this Court exercise its jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the , and further seeks all other relief to which it is justly entitled.

Respectfully submitted August 26, 2014.

Maritza Dominguez Braswell
NJ Attorney ID: 016222008
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
mbraswell@joneskeller.com
(303) 573-1600

Attorney for Defendant Pharmatech, Inc.