# EXHIBIT D

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 3:14-CV-05358

CHANNEL METHOD PARTNERS, LLC

    Plaintiff,

v.

PHARMATECH, INC.

    Defendant.
_____

**DECLARATION OF ROBERT BOHACS**
_____

    Robert Bohacs, of full age, hereby declare under penalty of perjury that:

    1.    I am the Chief Executive Officer at Pharmatech, Inc. ("Pharmatech"). I submit this Declaration for the limited purposed of bringing to the Court's attention certain facts related to personal jurisdiction and venue in support of Pharmatech's Motion to Dismiss or, in the alternative, for More Definite Statement and to Transfer Venue.

    2.    Pharmatech's sole office is located in Denver, Colorado.

    3.    Pharmatech has approximately 25 employees, several of which perform work from their homes, in various parts of the country.

    4.    Pharmatech has employees in California, Illinois, and New Jersey. Those employees work remotely.

    5.    The two employees that perform work from their homes in New Jersey have not performed any work or any tasks related to Channel Method Partners, LLC ("CMP"). They were not involved in procuring the contract at issue in this matter, and they were not involved in the services to be performed under the contract. Because those two employees perform all tasks and work remotely, their residence in New Jersey has no significance to Pharmatech's operations and no bearing on the contract at issue.

    6.    The contract dated May 30, 2013 between Pharmatech and CMP was drafted by CMP.

7. Pharmatech intended, by virtue of clause 12 of that contract, that any legal disputes related to that contract would be resolved in Colorado.

8. Pharmatech agreed to the terms of the contract via electronic mail and telephone with CMP. The telephonic communications were short and infrequent, and Pharmatech never traveled to New Jersey with respect to the contract or its negotiation or execution.

9. Pharmatech entered into the contract with CMP because it believed CMP could perform as promised under the terms of the contract. Those terms concerned services with a nationwide focus with no special attention to, connection with, or focus on, New Jersey.

10. The "kick-off" meeting referenced in the contract occurred between CMP and Pharmatech via phone, with the participating Pharmatech employees located solely in Colorado.

11. Pharmatech does not maintain any offices in New Jersey, does not own or lease any real property in New Jersey, does not maintain any bank accounts in New Jersey, and does not direct any advertising or marketing toward New Jersey.

12. It would present a substantial burden on key Pharmatech employees and Pharmatech generally to litigate this matter in New Jersey, as the travel entailed would prevent Pharmatech from effectively performing, and/or delay Pharmatech's performance of, many of its ongoing projects.

13. I hereby declare that all statements made herein are of my own knowledge and are true and that these statements were made with the knowledge that willful false statements so made are punishable by fine or imprisonment, or both, under Section 1001, Title 18, of the United States Code.

Further Declarant sayeth naught.

DATED: 8/30/14

_____
Robert Bohacs