

October 3, 2014

The Honorable Judge Freda L. Wolfson
United States Federal Courthouse
402 E. State Street, Court Room 5E
Trenton, New Jersey 08608

*Re:   **Channel Methods Partners, LLC v. Pharmatech, Inc.**
       **United States District Court for the District of New Jersey**
       **Case No. 3:14-CV-05358 FLW-LHG***

To The Honorable Judge Freda L. Wolfson:

    I write on behalf of my client, Pharmatech, Inc. ("Pharmatech") concerning the above-captioned case.  On September 25, 2014, Plaintiff filed a Notice of Voluntary Dismissal of Complaint ("Notice"), purporting to withdraw its Complaint "without prejudice, pursuant to F.R.C.P. 41(a)."  Pharmatech writes to oppose the without prejudice nature of the dismissal and to request an opportunity to recover its attorney fees and costs.

### Background

    The following timeline of events informs the prejudice to Pharmatech that would result from a dismissal without prejudice:

1. Following this case's original filing in New Jersey State Court and service of the Complaint and Summons on Pharmatech, counsel for Pharmatech sent counsel for Plaintiff a letter via email and first class mail, dated August 22, 2014, a copy of which is attached as **Exhibit A**.  That letter requested an immediate withdrawal of the claims against Pharmatech for both factual and legal reasons—including jurisdictional and venue defects, and the fact that Pharmatech had properly terminated the contract Plaintiff was alleging Pharmatech breached.  Plaintiff never responded.

2. On August 26, 2014, Pharmatech timely removed the State Court case to this Court.  Plaintiff never moved to remand.

3. On September 2, 2014, Pharmatech timely filed its Motion to Dismiss or in the Alternative for a More Definite Statement and to Transfer Venue ("Motion"). The deadline for Plaintiff's opposition was September 22, 2014. Plaintiff did not file a response.

4. At no point during this litigation has Plaintiff ever provided any factual basis for the claims asserted in the Complaint.

5. Pharmatech has incurred approximately $33,000 in attorney fees and costs in this matter to date.

**Applicable Rule**

F.R.C.P. 41(a), pursuant to which Plaintiff purports to voluntarily dismiss this case, states the following:

> (1) *By the Plaintiff.*
>
> > *(A) Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> >
> > > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > >
> > > (ii) a stipulation of dismissal signed by all parties who have appeared.
> >
> > *(B) Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The Court should not permit dismissal under F.R.C.P. 41(a)(1) because Pharmatech has already filed a responsive pleading (which for purposes of this rule, and under the circumstances of this case, should be treated as a motion for summary judgment).  *See infra.*

The Court should instead dismiss Plaintiff's Complaint pursuant to F.R.C.P. 41(a)(2), which permits dismissal only upon "terms that the court considers proper."  Here, those terms should include a with prejudice dismissal, and should permit Pharmatech an opportunity to recover the fees and costs associated with defending against Plaintiff's meritless claims.  *See infra.*

**<u>Pharmatech's Request for Dismissal *With* Prejudice</u>**

As stated above, the Court should not permit dismissal under F.R.C.P. 41(a)(1) because Pharmatech has already filed a responsive pleading, and "a Rule 12(b)(6) motion may be treated as one for summary judgment for Rule 41(a)(1)[(A)](i) purposes."  *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3rd Cir. 1987).

Pharmatech respectfully requests that the Court treat its Motion as one for summary judgment under F.R.C.P. 41(a)(1) for the purpose of addressing Plaintiff's pending Notice.  This is appropriate because Pharmatech's Motion to Dismiss was not strictly based upon Plaintiff's failure to state a claim or some technical defect in the pleading.  Instead, Pharmatech's Motion was a substantive challenge to Plaintiff's Complaint, addressing the merits of Plaintiff's claims and referencing documents beyond the pleadings.  The Motion briefed substantive issues concerning the economic loss rule, jurisdiction, and contract interpretation.  Moreover, Pharmatech expended significant time and resources responding to Plaintiff's claims, even though those claims should never have been filed (much less filed in New Jersey, because the governing agreement includes a Colorado venue clause).

Should the Court treat Pharmatech's Motion to Dismiss as one for summary judgment, dismissal under F.R.C.P. 41(a)(1) would be precluded, but the Court may nevertheless dismiss the pending action under F.R.C.P. 41(a)(2).  Dismissal under F.R.C.P. 41(a)(2) is permitted only "on terms that the court considers proper."  Here, those terms should include a with prejudice dismissal.

As set forth in the August 22, 2014 letter attached as Exhibit A, this action should never have been filed.  At its core, Plaintiff's Complaint amounts to a breach of contract claim, but there can be no dispute that Pharmatech terminated that contract on April 7, 2014.  Pursuant to Section 8 of the contract, Pharmatech was allowed to terminate the contract so long as the termination occurred in writing (and it did) and so long as it occurred after month four (4) of the engagement (it was terminated after month ten (10)).  Pharmatech alerted Plaintiff to that fundamental defect in its claim, but Plaintiff never responded.  With the deadline to answer fast-approaching, and radio-silence from Plaintiff,  Pharmatech was forced to file a responsive pleading.  In light of the jurisdictional and venue defects of Plaintiff's Complaint, Pharmatech

filed a Motion to Dismiss rather than an answer. Just as Plaintiff never responded to counsel's correspondence, Plaintiff never responded to Pharmatech's Motion. Instead, without explanation or notice to Pharmatech, and without regard to the fees and costs Pharmatech had already expended, Plaintiff filed the pending Notice.

Pharmatech should not be subjected to a without prejudice dismissal under F.R.C.P. 41(a)(1) (and potentially duplicative fees and costs if Plaintiff decides to re-file) when the Complaint's jurisdictional defect and Plaintiff's venue error (neither of which Plaintiff has contested) warranted a Motion to Dismiss rather than an answer. This would be a different case if Pharmatech had not already filed a responsive pleading and Plaintiff had not left that pleading unrebutted. But under these circumstances, permitting voluntary dismissal without prejudice allows Plaintiff "a second bite at the apple" on the same claims that have already been substantively challenged without contest. Dismissal must therefore be ***with prejudice***. *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 103 (W.D. Pa. 1992) (where plaintiff provided no "opposition to [defendant's] dispositive motion which undoubtedly [had] been the product of some effort and expense on the part of defendant[]," and the court held that "[u]nder those circumstances, dismissal must be with prejudice.").

**Pharmatech's Request for an Opportunity to Recover Its Fees and Costs**

Regardless of the Court's treatment of Pharmatech's Motion or Plaintiff's Notice, Pharmatech respectfully requests sufficient time to recoup the attorney fees and costs it has incurred to date. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (it is "well established that a federal court may consider collateral issues after an action is no longer pending."). Pharmatech's request for fees and costs is warranted pursuant to Federal authority and Colorado law (which indisputably governs this dispute under the express terms of the subject contract). Pharmatech will seek an amicable resolution with respect to its fees and costs before presenting this matter to the Court, and therefore requests that the Court issue an order stating Plaintiff's Complaint must be dismissed *with prejudice*, but stay entry of that order pending resolution of the fees and costs Pharmatech has incurred.

RESPECTFULLY SUBMITTED,

Maritza D. Braswell
**JONES & KELLER, P.C.**