# EXHIBIT A

# EXHIBIT A

Fax sent by : 732 747 0937     LAW OFFICES     07-28-14 02:46p Pg: 3/17

## SUMMONS

Attorney(s) SEAN G. DEVERIN, ESQ.
Office Address 160 WHITE ROAD - SUITE 204
Town, State, Zip Code LITTLE SILVER, N.J. 07739

Telephone Number (732) 219-1919
Attorney(s) for Plaintiff Channel Methods Partners, LLC

Channel Methods Partners, LLC

      Plaintiff(s)

Vs.

Pharmatech, Inc.

      Defendant(s)

**Superior Court of New Jersey**

MONMOUTH COUNTY
LAW DIVISION
Docket No: MON-L- 2852-14

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                                                          Clerk of the Superior Court

DATED: 07/23/2014

Name of Defendant to Be Served: Pharmatech, Inc.

Address of Defendant to Be Served: 789 Sherman Street- Suite 310, Denver, Co. 80203

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

Fax sent by : 732 747 0937  LAW OFFICES  07-28-14 02:47p  Pg: 4/17

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Fax sent by : 732 747 0937  LAW OFFICES  07-28-14 02:48p  Pg: 5/17

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Fax sent by : 732 747 0937        LAW OFFICES             07-28-14 02:48p   Pg: 6/17

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Fax sent by : 732 747 0937         LAW OFFICES         07-28-14 02:48p   Pg: 7/17

Sean G. Deverin, Esq.
160 White Road / Suite 204
Little Silver, New Jersey 07739
(732) 219-1919
Attorney for Plaintiff,


RECEIVED JUL 22 2014
SUPERIOR COURT OF NEW JERSEY
MONMOUTH VICINAGE
FINANCE DIVISION

---------------------------------------------x
Channel Methods Partners, LLC, a         :   Superior Court of New Jersey
New Jersey limited liability company     :   Monmouth County
                                             Law Division

         Plaintiff,                      :

                                             Docket No. MON-L-2857-14
         v.                              :
                                             Civil Action
Pharmatech, Inc., a Colorado             :
Corporation
         Defendant.                      :   Complaint and Designation of Trial
                                             Counsel and Jury Demand
                                         :
---------------------------------------------x

Channel Methods Partners, LLC, by way of Complaint alleges as follows:

## GENERAL ALLEGATIONS

1. Channel Methods Partners, LLC (hereinafter referred to as "CMP"), is a New Jersey limited liability company with its principal place of business located at 1913 R-5 Atlantic Avenue, Manasquan, Monmouth County, New Jersey, consisting of 40 employees.

2. Defendant, Pharmatech, Inc. (hereinafter "Pharmatech" or "Defendant") upon information and belief is a Colorado corporation with offices located at 789 Sherman Street – Suite 310, Denver, Co. 80203 and was a customer of CMP.

3. CMP has been engaged for a period of ten years in the business as an outsourced inside sales company. Specifically, CMP forms and establishes sales forces or sales groups which a company can retain to locate and qualify opportunities with pharmaceutical companies and life service or medical equipment companies, to whom the client can then sell its products and services. Pharmaceutical sales make up approximately 90% of CMP business.

4. By way of example, CMP has a proprietary prospect list of numerous service life sciences companies which are potential customers for CMP's clients. Through its intensive marketing and work over the past 10 years, CMP has developed close business relationships and contacts within the pharmaceutical industry which are not always available to others. Such a list is valuable to a pharmaceutical service company looking to locate firms that are testing a new drug or procedure or medical device. A CMP sales representative, on behalf of the service provider/client, contacts the pharmaceutical companies to see what clinical trials or programs they are engaged in or anticipate starting, and CMP fulfills the inside sales and field sales role matching up the service providers with the pharmaceutical company. This is a time consuming process that typically has a sales cycle often spanning 14-20 months before closing a transaction, and possibly even longer to close large prospective opportunities. The CMP business model is personnel intensive and CMP invests tremendous resources in developing its personnel to be sales ready for CMP clients.

5. As a result of operating this business for over 10 years, CMP has established a good and valuable name within the industry, and has created industry contacts and positive customer's relationships over the years. CMP has a long-standing history which has culminated in a large and valuable client list, as well as, formulating business procedures, not known to competitors or outside entities.

6. A typical sales process conducted by a CMP employee for their assigned client includes research of CMP's proprietary database, internal proprietary information exchanged with CMP employees, use of CMP contact management system and information systems to get difficult to obtain prospect client names, used in the CMP sales processes, and CMP prospect

pipeline nurturing. The processes needed to identify, qualify and nurture a large scale business opportunity that can utilize CMP client offerings can take anywhere from six months to well over twenty months to achieve.

7. These business opportunities are not advertised or in the public domain. It is the data and processes developed by CMP, and client lists and contacts which help guide CMP employees to locate these opportunities. Such opportunities are not available to all potential vendors.

8. CMP entered into a contract with Pharmatech dated May 30, 2013, for the purposes of CMP providing outsourced inside sales development and all related sales and marketing strategies, as set forth in the Agreement and related Scope of Work agreement dated may 30, 2013.

9. The contract was entered into in New Jersey, with all CMP services being performed in New Jersey.

## COUNT ONE
### Breach of Contract

10. Plaintiff repeats and re-alleges each and every allegation set forth in the "General Allegations" section of the Complaint as if fully set forth at length herein.

11. CMP entered into a contract with Pharmatech on May 30, 2013.

12. CMP has provided services and performed all of its obligations under the contract.

13. As a result, Defendant Pharmatech has provided partial payment but despite due demand for full payment, has failed and/or refused to provide payment for all of the services rendered.

14. The refusal and failure of Pharmatech to make full payment due under the terms of the contract constitutes a breach of said contract.

15. As a result of the breach of contract by Pharmatech, CMP has been made to suffer financial loss and damage as a result, for which Defendant, Pharmatech is liable.

**WHEREFORE**, Plaintiff, Channel Method Partners, LLC, demands judgment against Defendant, Pharmatech, Inc., for compensatory damages resulting from Defendant's breach of contract, together with costs of suit, expert's fees, and any other such relief as this court may deem just and fair.

## COUNT TWO
## BAD FAITH DEALINGS

16. Plaintiff repeats and re-alleges each and every allegation set forth in the "General Allegations" section and Count One of the Complaint as if fully set forth at length herein.

17. Plaintiff entered into a contract with Pharmatech dated May 30, 2013.

18. The contract sets forth in detail in Clause 5 of the Agreement entitled "Hiring of Employees" that both parties agree not to hire each other employees.

19. During the term of the contract, Pharmatech in an effort to circumvent not only the agreement in regard to hiring of employees and in or to circumvent the financial obligations to CMP, attempted to hire one or more of CMP's employees, and suggesting ways in which the employee could break their employment contract with CMP.

20. Such actions by Pharmatech, its agents, representatives or employees acting on behalf of the company, constituted intentional and purposeful actions to gain financial advantage, all to the loss and detriment of CMP.

21. Such actions by Pharmatech were done all while continuing to utilize and benefit from the services of CMP, without having any intention of paying for the services rendered by CMP.

22. Such actions by Pharmatech constitute bad faith dealing under the contract, for which Defendant, Pharmatech is liable.

**WHEREFORE**, Plaintiff, Channel Method Partners, LLC, demands judgment against Defendant, Pharmatech, Inc., for compensatory damages, punitive damages for bad faith dealing, together with attorney fees, costs of suit, expert's fees, and any other such relief as this court may deem just and fair.

## COUNT THREE
### Tortuous Interference of Contract with Employees

23. Plaintiff repeats and re-alleges each and every allegation set forth in the "General Allegations" section and Counts One and Two of the Complaint as if fully set forth at length herein.

24. Plaintiff entered into a contract with Pharmatech dated May 30, 2013.

25. The contract sets forth in detail in Clause 5 of the Agreement entitled "Hiring of Employees" that both parties agree not to hire each other employees.

26. During the term of the contract, Pharmatech in an effort to circumvent not only the agreement in regard to hiring of employees and in or to circumvent the financial obligations to CMP, attempted to hire one or more of CMP's employees, and suggesting ways in which the employee could break their employment contract with CMP.

27. Such actions by Pharmatech, its agents, representatives or employees acting on behalf of the company, constituted a knowing, intentional and purposeful tortuous interference of contract between CMP and its employees.

28. Such acts and/or omissions by Defendant Pharmatech are the direct and/or proximate cause of damage to CMP contractual relationships with one or more of its employees and the cause of financial loss and/or damage or the incurring of additional costs to CMP's business, for which Defendant Pharmatech is liable.

WHEREFORE, Plaintiff, Channel Method Partners, LLC, demands judgment against Defendant, Pharmatech, Inc., for compensatory damages, and punitive damages for tortuous interference of contract, together with attorney fees, costs of suit, expert's fees, and any other such relief as this court may deem just and fair.

## COUNT FOUR
### Tortuous Interference of Prospective Economic Advantage

29. Plaintiff repeats and re-alleges each and every allegation set forth in the "General Allegations" section and Counts One through Three of the Complaint as if fully set forth at length herein.

30. Upon information and belief, Defendant Pharmatech has taken the proprietary business information designed and developed by CMP, all of CMP's business contact information which have been introduced to Defendant Pharmatech by CMP and has continued and will continue to utilize same in regard to the solicitation and obtaining of business for the financial gain and benefit of Pharmatech to the detriment of CMP.

31. Such continued acts and/or omissions by Pharmatech with the business contacts established by CMP and introduced to Pharmatech by CMP, has been done and will continue to be done all to the exclusion of CMP.

32. Such exclusion of CMP is purposeful and intentional with the goal of placing Pharmatech in the place of CMP in regard to any relationship with CMP's customers and business contacts.

33. Such acts and/or omissions by Pharmatech are specifically designed to benefit Pharmatech financially without compensation to CMP and all such actions are being done to the exclusion and financial loss and damage to CMP. Such damage to CMP is not only limited to damage to the business relationships which CMP has developed over the past ten years with all of its business

contacts, but also to the reputation of CMP with all of its established business partners and contacts, who have been introduced to Pharmatech.

34. As a result CMP has been and will continue to be damaged in the future by damage to and loss of its exclusive business relationships with its contacts and its business reputation for which Defendant Pharmatech is liable.

**WHEREFORE**, Plaintiff, Channel Method Partners, LLC, demands judgment against Defendant, Pharmatech, Inc., for compensatory damages, and punitive damages for tortuous interference of prospective economic advantage, together with attorney fees, costs of suit, expert's fees, and any other such relief as this court may deem just and fair.

## COUNT FIVE
### Unjust Enrichment

35. Plaintiff repeats and re-alleges each and every allegation set forth in the "General Allegations" section and Counts One through Four of the Complaint as if fully set forth at length herein.

36. CMP has provided services and performed all of its obligations under the contract.

37. As a result, Defendant Pharmatech has provided partial payment but despite due demand for full payment, has failed and/or refused to provide payment for all of the services rendered.

38. Pharmatech has benefited financially, as well as, benefited in obtaining and utilizing the proprietary business information, all without just compensation and full payment due under the terms of the contract.

39. As a result of the acts and or omissions by Pharmatech and unjust enrichment to Defendant Pharmatech, CMP has been made to suffer financial loss and damage as a result, for which Defendant, Pharmatech is liable.

**WHEREFORE**, Plaintiff, Channel Method Partners, LLC, demands judgment against Defendant, Pharmatech, Inc., for compensatory damages, for unjust

enrichment, together with costs of suit, expert's fees, and any other such relief as this court may deem just and fair.

## COUNT SIX
### Account Stated

40. Plaintiff repeats and re-alleges each and every allegation set forth in the "General Allegations" section and Counts One through Five of the Complaint as if fully set forth at length herein.

41. CMP has provided services and performed all of its obligations under the contract.

42. Defendant Pharmatech has been invoiced for the fees due for services performed by CMP.

43. Despite due demand for payment for the fees due for services rendered, Pharmatech has failed and/or refused to make payment in full and is in default of the account stated.

44. Defendant Pharmatech made partial payments due under the contract, but unilaterally decided not to discontinue any payments, all the while knolwing and purposefully permitting and allowing CMP employees to continue in their efforts to benefit Pharmatech.

45. As a result CMP has been made to suffer financial loss and damage as a result of Pharmatech's failure to pay the stated account due, for which Defendant Pharmatech is liable.

**WHEREFORE**, Plaintiff, Channel Method Partners, LLC, demands judgment against Defendant, Pharmatech, Inc., for compensatory damages, on an account stated basis, together with costs of suit, expert's fees, and any other such relief as this court may deem just and fair.

## JURY DEMAND

Defendants hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Sean G. Deverin, Esq. is hereby designated a trial counsel in this action.

Date: July 22, 2014

*Sean G. Deverin, Esq.*
Attorney for Plaintiff
Channel Methods Partners, Inc.

## CERTIFICATION

I hereby certify the within matter is not the subject of litigation or arbitration in this or any other jurisdiction to the best of my knowledge. I understand that if this statement is willfully false I am subject to punishment.

Date: July 22, 2014

*Sean G. Deverin, Esq.*
Attorney for Plaintiff
Channel Methods Partners, Inc.

Fax sent by : 732 747 0937        LAW OFFICES            07-28-14 02:52p   Pg: 16/17

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

**PAYMENT TYPE:** ☐ CK ☐ CG ☐ CA
**CHG/CK NO.**
**AMOUNT:**
**OVERPAYMENT:**
**BATCH NUMBER:**

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| SEAN G. DEVERIN, ESQ | (732) 219-1919 | Monmouth |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| SEAN G. DEVERIN, ESQ. | COMPLAINT |
| 160 WHITE ROAD - SUITE 204 | |
| LITTLE SILVER, NEW JERSEY 07739 | JURY DEMAND ☒ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Channel Methods Partners, LLC | Channel Methods Partners, LLC   v. Pharmatech, Inc. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 599 | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes ☒ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes ☒ No | ☐ NONE ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☒ Yes ☐ No | ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☒ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☒ YES ☐ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ Yes ☒ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ Yes ☒ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 08-19-2013, CN 10517-English                                                    page 1 of 2

Fax sent by : 732 747 0937          LAW OFFICES                    07-28-14 02:52p    Pg: 17/17

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category    ☐ Putative Class Action    ☐ Title 59

Effective 08-19-2013, CN 10517-English                                                                   page 2 of 2