**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 14-cv-02830-RM-CBS

CHANNEL METHODS PARTNERS, LLC, a New Jersey limited liability company,

Plaintiff

v.

PHARMATECH, INC., a Colorado corporation,

Defendant.

_____

**MOTION TO DISMISS FOR FAILURE TO PROSECUTE**
_____

      Defendant Pharmatech, Inc., by and through undersigned counsel and pursuant to F.R.C.P. 41(b), files this Motion to Dismiss for Failure to Prosecute ("Motion") and states the following in support:

**CERTIFICATE OF CONFERRAL**

      Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel conferred via telephone with Plaintiff's counsel, who initiated this action in New Jersey state court, concerning the relief sought by this Motion. Plaintiff's New Jersey counsel advises that Plaintiff opposes the Motion, but also added that he understood Plaintiff would be hiring Colorado counsel. In light of Plaintiff's failure to comply with the Court's November 4, 2014 minute order [Doc. # 9] requiring an entry of appearance by counsel, it appears Plaintiff has chosen to not hire Colorado counsel to prosecute this action.

**SUMMARY**

1.      Plaintiff, a limited liability company, may not appear *pro se*.  Despite receiving notice on or around November 4, 2014, to "immediately comply" with the Court's order seeking an entry of appearance of counsel, no counsel has entered an appearance for Plaintiff.

2.      Plaintiff has likewise failed to comply with the Court's deadlines concerning F.R.C.P. 16(b) scheduling conferences.

3.      Pursuant to F.R.C.P. 41(b), the Court should dismiss this case based on Plaintiff's failure to prosecute the action.

**PROCEDURAL HISTORY**

4.      Plaintiff commenced this action by filing a Complaint in New Jersey State Court on July 22, 2014.  [Doc. # 1-2].

5.      Defendant removed this case to the United States District Court for the District of New Jersey by filing a notice of removal on August 26, 2014.  [Doc. # 1-1].

6.      On September 2, 2014, Defendant filed a Motion to Dismiss or in the alternative for a More Definite Statement and to Transfer Venue ("First Motion to Dismiss") [Doc. # 1-7] and a brief in support thereof, along with exhibits thereto. [Doc. # 1-8 through 1-11].

7.      Defendant did not timely respond to the First Motion to Dismiss.

8.      On October 16, 2014, the United States District Court for the District of New Jersey transferred the action to this Court.  [Doc. # 1].

9.      On October 17, 2014, the Court entered a "FIRST AND FINAL NOTICE TO ATTORNEY(S) IN REMOVED, TRANSFERRED OR OTHER CASES" [Doc. # 4] which

noted that counsel must file an entry of appearance to receive any further notice regarding this case.

10.     On November 4, 2014, the Court entered a Minute Order [Doc. # 9] instructing counsel for Plaintiff to "immediately comply with the Clerk's Office's FIRST AND FINAL NOTICE (doc. #5)."  A copy of the Minute Order was sent to Plaintiff's counsel.  [Doc. # 9]. Pursuant to the Minute Order, Plaintiff was also obligated to adhere to the deadlines and instructions set forth in the "Preparation for Rule 16(b) Scheduling Conference" located on the Court's website.  [Doc. # 9].  Plaintiff has not complied with the Court's instructions.

11.     To date, no counsel has entered an appearance for Plaintiff.

## ARGUMENT

12.     "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." F.R.C.P. 41(b).  Dismissal pursuant to F.R.C.P. 41(b) can operate "as an adjudication on the merits."  *Id.*; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Rothe v. Nat'l City Bank*, 2011 WL 30969, at *1 (D. Colo. Jan. 5, 2011) (dismissing case with prejudice for "plaintiff's failure to comply with the applicable rules and the orders of this court, and for the plaintiff's failure to prosecute this case.").

13.     It is also well established that corporate entities may not proceed in a civil action in the Federal Courts without counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 202-203 (1993).

14.     Plaintiff has (i) failed to secure counsel admitted to practice before this Court to enter an appearance, (ii) failed to file a proposed scheduling order, and (iii) failed to comply with the mandatory disclosure requirements of F.R.C.P. 26(a)(1).

15.     Plaintiff has thereby failed to prosecute this case and has likewise failed to comply with the Court's November 4, 2014, Minute Order.

16.     Therefore, dismissal of Plaintiff's claims, with prejudice, is warranted pursuant to F.R.C.P. 41(b) and the Court should grant this Motion.

17.     The content of the unchallenged First Motion to Dismiss demonstrates that Defendant has spent significant amounts of attorney fees in the defense of this case.  This Court "may consider collateral issues after an action is no longer pending."  *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990).

18.     The First Motion to Dismiss, filed in New Jersey prior to the transfer of venue, sought attorney fees and costs pursuant to Federal authority and Colorado law (which governs this dispute under the express terms of the subject contract [Doc. # 1-10 at § 12]).

19.     Defendant requests that the Court enter an order dismissing Plaintiff's claims with prejudice.  The Court should also keep this matter open until Defendant's pending motion for attorney fees and costs is decided.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court dismiss Plaintiff's claims, with prejudice, pursuant to F.R.C.P. 41(b) and keep this action open until Defendant's pending motion for attorney fees and costs is decided.

Respectfully submitted December 18, 2014.

s/ Aaron D. Goldhamer
Aaron D. Goldhamer, #41016
Daniel A. Wartell, #34902
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, Colorado  80202
Telephone: (303) 573.1600
Fax: (303) 573.8133
Email: dwartell@joneskeller.com
        agoldhamer@joneskeller.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2014, a true and correct copy of the foregoing was filed electronically via EM/ECF and served upon the following:

Sean G. Deverin
160 White Road, Suite 204
Little Silver, NJ 07739
*Attorney for Plaintiff*

Channel Methods Partners, LLC
1913 R-5 Atlantic Avenue
Manasquan, New Jersey 08736

*s/ Tammy Harris*
Tammy Harris

*In accordance with C.R.C.P. 121 § 1-29(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request*