**N UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 14-cv-02830-RM-CBS

CHANNEL METHODS PARTNERS, LLC, a New Jersey limited liability company,

Plaintiff

v.

PHARMATECH, INC., a Colorado corporation,

Defendant.

_____

## ANSWER AND AFFIRMATIVE DEFENSES
_____

Defendant Pharmatech, Inc., by and through undersigned counsel, hereby Answers the Plaintiff's Complaint and asserts the following affirmative defenses:

### PRELIMINARY STATEMENT

By Answering the Complaint and asserting the below affirmative defenses, Defendant does not waive and expressly reserves the right to assert counterclaims in this case.

### ANSWER

1. Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant is without sufficient information to admit or deny the allegations in paragraph 3 of the Complaint.

4. Defendant is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint.

5. Defendant is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint.

6. Defendant is without sufficient information to admit or deny the allegations in paragraph 6 of the Complaint.

7. Defendant is without sufficient information to admit or deny the allegations in paragraph 7 of the Complaint.

8. Defendant admits that the parties executed written documents on or around the dates listed in paragraph 8 of the Complaint, and states that the terms of those documents speak for themselves.

9. In response to paragraph 9 of the Complaint, Defendant has insufficient knowledge to admit or deny the allegation concerning Plaintiff's place of performance of work. The balance of paragraph 9 asserts a legal conclusion to which no response appears to be necessary from Defendant. To the extent that a response is necessary, Defendant denies the allegation for the reasons set forth in Defendant's Motion to Dismiss filed September 2, 2014.

10. In response to paragraph 10 of the Complaint, Defendant incorporates its prior responses.

11. Defendant admits that the parties executed a written document on or around the date listed in paragraph 11 of the Complaint, and states that the terms of that document speak for themselves.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint, as well as the assertion following paragraph 15 that Plaintiff is entitled to any relief.

16. In response to paragraph 16 of the Complaint, Defendant incorporates its prior responses.

17. Defendant admits that the parties executed a written document on or around the date listed in paragraph 17 of the Complaint, and states that the terms of that document speak for themselves.

18. In response to paragraph 18 of the Complaint, Defendant asserts that the terms of the written document speak for themselves and denies any characterization inconsistent therewith.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint, and furthermore denies the allegations in the following paragraph that Plaintiff is entitled to any relief.

23. In response to paragraph 23 of the Complaint, Defendant incorporates its prior responses.

24. Defendant admits that the parties executed a written document on or around the date listed in paragraph 24 of the Complaint, and states that the terms of that document speak for themselves.

25. In response to paragraph 25 of the Complaint, Defendant asserts that the terms of the written document speak for themselves and denies any characterization inconsistent therewith.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint, and furthermore denies the allegations in the paragraph following paragraph 28 that Plaintiff is entitled to any relief.

29. In response to paragraph 29 of the Complaint, Defendant incorporates its prior responses.

30. The allegations in paragraph 30 of the Complaint are so vague that they prevent Defendant from forming a meaningful answer. The nature of the alleged "proprietary business information" is unclear. To the extent that paragraph 30 alleges facts which call for a response from Defendant at this time, Defendant denies the allegations.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in the first sentence of paragraph 33 of the Complaint. As to the allegations in the second sentence of paragraph 33 of the Complaint,

denies that Plaintiff has suffered any damages; Defendant is without sufficient knowledge to admit or deny the remaining allegations.

34. Defendant denies the allegations in paragraph 34 of the Complaint, and likewise denies the allegations in the paragraph following paragraph 34 that Plaintiff is entitled to any relief.

35. In response to paragraph 35 of the Complaint, Defendant incorporates its prior responses.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint, and likewise denies the allegations in the paragraph following paragraph 39 that Plaintiff is entitled to any relief.

40. In response to paragraph 40 of the Complaint, Defendant incorporates its prior responses.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Defendant admits that Plaintiff has sent invoices but denies that Plaintiff is entitled to the amounts described thereon.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Defendant admits that it paid Plaintiff money but otherwise denies the allegations.

45. Defendant denies the allegations in paragraph 45 of the Complaint, as well as the allegations in the paragraph following paragraph 45 that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Defendant incorporates by reference all defenses asserted in its Motion to dismiss filed September 2, 2014.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred in whole or in part by the economic loss rule.

4. Plaintiff's claims are barred in whole or in part because they are duplicative.

5. Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate its damages.

6. Plaintiff's damages, if any, are barred in whole or in part by the doctrine of unclean hands / *in pari delicto*.

7. Plaintiff's damages, if any, are barred in whole or in part by the doctrines of setoff or offset.

8. Plaintiff fails to plead its misappropriation claim with sufficient particularity.

9. Plaintiff's breach of contract claim is barred due to Plaintiff's own failure to substantially perform its obligations under the contract.

Respectfully submitted December 23, 2014.

*s/ Aaron D. Goldhamer*
Aaron D. Goldhamer, #41016
Daniel A. Wartell, #34902
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, Colorado  80202
Telephone: (303) 573.1600
Fax: (303) 573.8133
Email:  dwartell@joneskeller.com
          agoldhamer@joneskeller.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2014, a true and correct copy of the foregoing was filed electronically via CM/ECF and served upon the following:

Chipman Glasser, LLC
David S. Chipman
2000 S. Colorado Blvd.
Tower One, Suite 7500
Denver, CO 80222
*Attorney for Plaintiff*

*s/ Nicole N. Chapman*
Nicole N. Chapman

*In accordance with C.R.C.P. 121 § 1-29(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request*