IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02830-RM-CBS

CHANNEL METHODS PARTNERS, LLC, a New Jersey limited liability company,

    Plaintiff,

    v.

PHARMATECH, INC., a Colorado corporation,

    Defendant.

---

**CIVIL SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

1. Scheduling Conference:

   - February 13, 2015 at 10:00 a.m.

2. Counsel for Channel Method Partners, LLC ("**Plaintiff**" or "**CMP**"):

   - David Smith Chipman
     Chipman Glasser, LLC
     2000 S. Colorado Blvd.
     Tower I, Suite 7500
     Denver, Colorado 80222
     (303) 578 5780
     Fax: (303) 578-5790
     dchipman@chipmanglasser.com

3. Counsel for Pharmatech, Inc. ("**Defendant**" or "**Pharmatech**"):

   - Aaron David Goldhamer
     Daniel Adam Wartell
     Jones & Keller, PC
     1999 Broadway
     Suite 3150
     Denver, CO 80202

(303) 573-1600  
Fax: (303) 573-8133  
agoldhamer@joneskeller.com  
dwartell@joneskeller.com

## 2. STATEMENT OF JURISDICTION

Plaintiff originally filed this action in New Jersey state court. Defendant had the action removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(c)(1). Plaintiff did not move to remand the case when it was pending in New Jersey. The case then was transferred from federal court in New Jersey to the District of Colorado. The parties have complete diversity. Plaintiff is a New Jersey limited liability company with two members, both of whom are individuals and New Jersey residents. Defendant is a Colorado corporation with its principal place of business located in Colorado. Plaintiff is currently aware of damages in the amount of approximately $30,000. Plaintiff does not know how much additional damage has been suffered without further discovery into Defendants' transactions with third parties introduced through Plaintiff (which would establish amounts for Plaintiff's commissions), and the relationship between Defendant and one of Plaintiff's former employees (relevant to a covenant not to hire).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:** Defendant has failed to provide full payment of monies owed under the contract, and breached contract provisions regarding solicitation of employees. Further, Defendant may have breached the contract by concealing third-party contracts resulting from work performed by Plaintiff, and thus concealing the true, and majority of, monies owed under the contract. To intentionally circumvent and defeat the purpose of the contract, Defendant has intentionally directed its human resources department to solicit Plaintiff's employees and coach

employees in how to leave Plaintiff's company without causing suspicion. The solicitation of employees was conducted to (1) acquire trade secrets and proprietary information that the employee had knowledge of and training on, and (2) to avoid payment of commissions due under the contract. Defendant has been unjustly enriched by continuing to use such proprietary information and trade secrets without payment to Plaintiff. Finally Defendant has failed to pay agreed amounts due under the contract and invoiced amounts. Plaintiff's tort claims are not barred by the economic loss doctrine as the Defendant has committed intentional torts against Plaintiff.

**Defendant:** Defendant pleads affirmative defenses that Plaintiff was also in breach of the contract; that regarding poaching of employees, Plaintiff's complaint is insufficient as Plaintiff has not stated that Defendant successfully poached employees; that Plaintiff's tort claims are based on duties not independent of the contract and thus barred by the economic loss doctrine; that Plaintiff has failed to mitigate its damages; and that Plaintiff's damages are barred in whole or in part by the doctrine of setoff or offset. Some of these defenses are more fully detailed in Defendant's Motion to Dismiss filed in September of 2014, to which no response has been filed. Defendant also reserves the right to claim attorney fees and costs, as set forth in previous filings with the Court.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. On May 30, 2013, Plaintiff and Defendant signed a Letter Agreement and a Statement of Work.

2. On April 7, 2014, Defendant sent a letter to Plaintiff stating that the agreement with Plaintiff was terminated.

## 5. COMPUTATION OF DAMAGES

1. Damages for breach of Contract/Unjust Enrichment/Account Stated:

    a. Unpaid Invoice amount:      $13,436.00

    b. Other breaches:             Approximately $15,000

    c. Unpaid Commissions          (Unknown)

2. Damages for Tort claims:        Approximately $15,000

3. Interest                        (Statutory Rate).

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P.26(f)

1. Date of Rule 26(f) meeting:

    - January 23, 2015.

2. Names of each participant and party he/she represented:

    - David Chipman representing Channel Methods Partners, LLC.

    - Aaron Goldhamer representing Pharmatech, Inc.

3. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

    - Plaintiff: February 6, 2015.

    - Defendant: February 6, 2015 with respect to Plaintiff's breach of contract claim; Plaintiff's remaining claims are subject to the Motion to Dismiss filed in September of 2014 and therefore require no disclosure at this time.

4. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

    - None, aside from as described immediately above.

5. Statement concerning any agreements to conduct informal discovery:

    - None.

6. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

- The parties agree to use a unified exhibit numbering system for depositions.

7. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

- Discovery may require discovery of some or all emails and text messages between Pharmatech and employees of CMP. The parties will preserve all emails generated by all employees that interacted with the other party and preserve all telephone and text message records between the parties.

8. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

- The parties have discussed a prompt settlement and are continuing to do so.

## 7. CONSENT

The parties affirmatively consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

1. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

- Limit of 5 depositions per party absent showing of good cause; all other presumptive discovery limitations apply.

2. Limitations which any party proposes on the length of depositions:

- Plaintiff's position - 1 day of 7 hours, unless good cause is shown for an extended

        deposition after the initial seven hours.

- Defendant's position – 1 day of 4 hours absent a showing of good cause for additional time.

3. Limitations which any party proposes on the number of requests for production and/or requests for admission:

- Twenty-five (25) requests for production.
- Twenty-five (25) requests for admission.

4. Other Planning or Discovery Orders:

- None.

### 9.  CASE PLAN AND SCHEDULE

1. Deadline for Joinder of Parties and Amendment of Pleadings:

- 45 days after date of 26(f) conference (March 9, 2015).

2. Discovery Cut-off:

- 120 days after date of 26(f) conference (May 22, 2015).

3. Dispositive Motion Deadline:

- 30 days after discovery cutoff  (June 21, 2015).

4. Expert Witness Disclosure:

- The parties shall identify anticipated fields of expert testimony, if any.

5. Plaintiff may retain two experts:  (1) to opine on the potential damages from loss of commissions, and (2) to opine on the cost of training and replacing Plaintiff's employees.

6.  Defendant may retain rebuttal experts as needed, and may retain an expert concerning the quality of the leads Plaintiff provided as compared to the industry standards

7. Limitations which the parties propose on the use or number of expert witnesses:

- Each party shall be limited to two (2) expert witnesses to support their respective claims and defenses; rebuttal experts shall not count toward this total.
- The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) 60 days prior to the Discovery cut-off.
- The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) no later than 30 days prior to the discovery cutoff.

8. Identification of Persons to Be Deposed:

- Mathew Weiner.
- Rob Bohacs.
- Christopher Fallows.
- Martin Polvi.
- Chelsea Bailey.
- Annabel Pollioni.
- Pharmatech officer or employee with knowledge of origination of all contracts with customers and clients.
- Pharmatech officer or employee with knowledge of actions taken by Pharmatech's human resources department.
- Lisa Schecht, Steve Shuey, or other representative from Halozyme;
- Anthony DeMarco;

- Respective parties' 30(b)(6) depositions;

- Dependent on other discovery proceedings or responses, representative from the companies listed in Chelsea Bailey's 2/24/14 email to Robert Bohacs as evidence of Plaintiff's performance of the contract (i.e. Glycomimetics, Cerulean Pharma, Areva Med, Marsala, Biotech, Galena Biopharma, Oncosec Medical, Amgen, Genentech, Astrazeneca, Boehringer-Ingelheim, Xbiotech, Kanglaite USA, Quintiles, Karyopharm, Progenics, and Invovio.

9. Deadline for Interrogatories:

- Served 30 days prior to Discovery Cut-Off (April 22, 2015).

10. Deadline for Requests for Production of Documents and/or Admissions:

- Served 30 days prior to Discovery Cut-Off (April 22, 2015).

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

1. Status conferences will be held in this case at the following dates and times:

- 

2. A final pretrial conference will be held in this case at the following date and time:

- 

3. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

1. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort,

were unable to reach an agreement:

- 

2. Anticipated length of trial and whether trial is to the court or jury:

- The parties anticipate needing a four-day jury trial.

3. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado:

- None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.  With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 6th day of February, 2015.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| _s/ David S. Chipman_ | _s/ Aaron D. Goldhammer_ |
| David S. Chipman | Aaron D. Goldhamer |
| Chipman Glasser, LLC | Daniel A. Wartell |
| 2000 S. Colorado Blvd. | Jones & Keller, PC |
| Tower One, Suit 7500 | 1999 Broadway, Suite 3150 |
| Denver, Colorado 80222 | Denver, Colorado 80202 |
| (303) 578-5780 | (303) 573-1600 |
| dchipman@chipmanglasser.com | agoldhamer@joneskeller.com |
| | dwartell@joneskeller.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |

4839-1563-7281, v.  1